UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DENNIS LESTER,

                Petitioner,                Case No. 1:13-cv-1285

v.                                            Honorable Robert Holmes Bell

CINDI S. CURTIN,

                Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner David Dennis Lester presently is incarcerated at the Oaks Correctional Facility, following multiple convictions in the Wexford County Circuit Court. In 2010, while on probation from a 2009 conviction for being under 21 years at the time he operated a vehicle while intoxicated and while a person under 16 years was an occupant of the vehicle, MICH. COMP. LAWS § 257.625(7)(a)(2), Petitioner was charged with the following offenses: two counts of delivering a controlled substance with intent to commit criminal sexual conduct, MICH. COMP. LAWS § 333.7401a; one count of interfering with electronic communication, MICH. COMP. LAWS § 750.540g; two counts of furnishing alcohol to a minor, MICH. COMP. LAWS § 436.170; one count of resisting arrest, MICH. COMP. LAWS § 750.81d(1); and of being a fourth habitual offender, MICH. COMP. LAWS § 769.12. On February 24, 2012, in exchange for dismissal of the other charges, Petitioner pleaded nolo contendere to two counts of delivering a controlled substance with intent to commit criminal sexual conduct, one count of resisting arrest, and of being a third felony offender, MICH. COMP. LAWS § 769.11. Petitioner pleaded guilty to a probation violation on March 8, 2012.

On April 13, 2012, prior to sentencing in either case, Petitioner filed a motion to withdraw his pleas in both cases. The trial court denied the motion on May 3, 2012. On May 8, 2012, Petitioner's probation was revoked in the 2009 conviction, and he was re-sentenced, as a third felony offender, to serve two to five years. On May 11, 2012, he was sentenced in the 2010 case, as a third felony offender, to two prison terms of 20 to 40 years on the delivery convictions and 2 to 4 years on the resisting-arrest conviction.

Petitioner filed a delayed application for leave to appeal his 2010 convictions to the Michigan Court of Appeals, raising two grounds:

> I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO WITHDRAW THE NO CONTEST PLEA BASED ON A CLAIM OF INNOCENCE AND THE CONFLICTING STATEMENTS OF THE VICTIMS WHICH WAS A JUST REASON FOR PLEA WITHDRAWAL WHERE THE PROSECUTION FAILED TO ESTABLISH SUBSTANTIAL PREJUDICE AND REVERSAL IS REQUIRED.
>
> II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO DISQUALIFY THE PROSECUTOR REQUIRING REVERSAL.

(Attach. to Pet., docket #1, Page ID#24.) Petitioner also filed a delayed application to the Michigan Court of Appeals, seeking leave to appeal the resentencing following his probation violation. He raised a single ground:

> I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION TO WITHDRAW THE PLEA TO THE UNDERLYING CHARGES WHERE DEFENDANT CLAIMED INNOCENCE AND THE PROSECUTION DID NOT PROVE PREJUDICE AND REVERSAL OF THE COURT'S ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW THE PLEA REQUIRES REVERSAL OF THE PROBATION VIOLATION WHERE THAT WAS THE SOLE BASIS FOR REVOCATION.

(*Id.*, Page ID#21.) The cases were submitted together, and the court of appeals denied leave to appeal on November 27, 2012, for lack of merit in the grounds presented. Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same two grounds. The supreme court denied leave to appeal on April 29, 2013.

In his habeas petition, Petitioner challenges both cases, raising the same three grounds presented in the state appellate courts.

**Discussion**

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

I.  Grounds I & III: Right to Withdraw Pleas

In Grounds I and III of his habeas application, Petitioner asserts that the trial court abused its discretion when it denied his motion to withdraw his plea of nolo contendere to the charges of delivery with intent to commit criminal sexual conduct and resisting arrest and his plea of guilty to the probation violation. He argues that, under MICH. CT. R. 6.310(B)(1), he was entitled to withdraw his pleas before sentencing, because he demonstrated a fair and just reason for withdrawal of the plea and the prosecution was not prejudiced because of reliance on the plea.

It has long been the case that a valid guilty plea bars habeas review of most non-jurisdictional claims alleging antecedent violations of constitutional rights. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Lott v. United States*, 367 U.S. 421, 429-30 ("[A]fter its entry, 'the plea of nolo contendere, upon that question (of guilt or innocence) and for that case,

was as conclusive as a plea of guilty would have been.'" (quoting *Hudson v. United States*, 272 U.S. 451, 455 (1926)). Among claims not barred are those that challenge "the very power of the State to bring the defendant into court to answer the charge against him," *Blackledge v. Perry*, 417 U.S. 21, 30 (1974), and those that challenge the validity of the guilty plea itself. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985); *Haring v. Prosise*, 462 U.S. 306, 320 (1983); *Tollett*, 411 U.S. at 267. A plea not voluntarily and intelligently made has been obtained in violation of due process and is void. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969).

Petitioner does not challenge the power of the state to bring him into court. Thus, the only means available for challenging his conviction is to claim that his plea is invalid, i.e., it was not knowingly and voluntarily entered into. *See Mabry v. Johnson*, 467 U.S. 504, 508 (1984) ("It is well-settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.").

Petitioner does not argue, much less show, that either his plea of nolo contendere to the 2010 offenses or his guilty plea to the probation violation was not knowingly or voluntarily entered. Instead, he claims only that he should have been allowed to withdraw the pleas under state law, *see* MICH. CT. R. 6.310(B)(1), because the mother of the victim changed her statement, thereby showing that Petitioner was actually innocent of the offense.

Petitioner's claim under MICH. CT. R. 6.310(B)(1) is not cognizable on habeas review. *See Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010) ("[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'") (quoting 28 U.S.C. § 2254(a)). A habeas court may not grant habeas relief on the basis of state law governing the taking or withdrawal of guilty pleas. *Riggins v. McMackin*,

935 F.2d 790, 794-95 (6th Cir. 1991). Moreover, a state defendant has no constitutionally guaranteed right to withdraw a guilty or nolo contendere plea. *See Carwile v. Smith*, 874 F.2d 382 (6th Cir. 1989). Consequently, the question presented in Grounds I and III – whether petitioner should have been allowed in the court's discretion to withdraw his guilty and nolo contendere pleas under state-court rules – is not reviewable by this Court in habeas corpus.

II. Denial of Motion to Disqualify Prosecutor

In his second ground for habeas relief, Petitioner asserts that the trial court abused its discretion when it denied his motion to disqualify the prosecutor. Petitioner states that, on April 20, 2012, defense counsel moved to disqualify the prosecutor, Julie Valice, arguing that there was a familial relationship between Valice and the original judge in the action, Judge Fagerman. Trial counsel made the following argument:

> I understand that Mr. Lester had signed a waiver regarding that conflict earlier, along with his prior attorney, and that ultimately Judge Fagerman entered his own withdrawal in this matter. It is there was an Order of Disqualification that the Judge, or the Judge's spouse are a person within the 3rd degree of the relationship to either of them, or the spouse of such person, one is a party to the proceeding, or an officer, director or trustee of the party; two is acting as a lawyer in the proceeding; three is known by the judge to have more than de minimis interest that could be substantially effected by the proceeding, or four, at least to the Judge's knowledge, likely to be a material witness in the proceeding.

(Attach. to Pet., docket #1, Page ID#39 (verbatim).) Defense counsel also apparently invoked Wexford County Administrative Order 1996-11, which prohibited the hiring of close relatives of another employee. Counsel argued that, despite the fact that Judge Fagerman had recused himself from the case, the appearance of favoritism remained and could only be cured by the disqualification of the prosecutor, as well.

Like his first and third habeas grounds, Petitioner's second ground for habeas relief is based solely on state law. As previously discussed, "a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson*, 131 S. Ct. at 16 (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, RULES GOVERNING HABEAS CORPUS CASES). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 131 S. Ct. at 14; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Here, Petitioner invokes no federal constitutional provision. His claim that there remained an appearance of impropriety after recusal by the original trial judge, therefore, is not cognizable in this action.

Nevertheless, although Petitioner has not argued a constitutional basis for his claim, it unquestionably is true that the Due Process Clause demands that the judge in a case be unbiased. *See Railey v. Webb*, 540 F.3d 393, 399-400 (6th Cir. 2008). As the Supreme Court recognized in *In re Murchison*, 349 U.S. 133, 136 (1955), "[a] fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases." A judge can and should be disqualified for "bias, [ ] a likelihood of bias[,] or [even] an appearance of bias." *Ungar v. Sarafite*, 376 U.S. 575 (1964); *see also Murchison*, 349 U.S. at 136 ("[O]ur system of law has always endeavored to prevent even the probability of unfairness."); *accord Anderson v. Sheppard*, 856 F.2d 741, 746 (6th Cir. 1988) (opining that due process "require[s] not only an absence of actual bias, but an absence of even the appearance of judicial bias").

However, as multiple courts have recognized, it also is clear that judicial disqualification based on a likelihood or an appearance of bias is not always of constitutional significance. In fact, "most matters relating to judicial disqualification d[o] not rise to a constitutional level." *Fed. Trade Comm'n v. Cement Inst.*, 333 U.S. 683, 702 (1948) (citing *Tumey v. Ohio*, 273 U.S. 510, 523 (1927)) ("All questions of judicial qualification may not involve constitutional validity."); *see also Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("Of course, most questions concerning a judge's qualifications to hear a case are not constitutional ones, because the Due Process Clause . . . establishes a constitutional floor, not a uniform standard. Instead, these questions are, in most cases, answered by common law, statute, or the professional standards of the bench and bar."); *Railey*, 540 F.3d at 400. In only two types of cases has the Supreme Court actually held that something less than actual bias violates constitutional due process – (1) those cases in which the judge "has a direct, personal, substantial pecuniary interest in reaching a [particular] conclusion," *Tumey*, 273 U.S. 523 (subsequently expanded to include even indirect pecuniary interest); and (2) certain contempt cases, such as those in which the "judge becomes personally embroiled with the contemnor," *Murchison*, 349 U.S. at 141 (subsequently clarified to involve cases in which the judge suffers a severe personal insult or attack from the contemnor).

Here, Petitioner does not suggest that the judge had any pecuniary interest or negative personal involvement with Petitioner. There exists no clearly established Supreme Court precedent barring some familial relationship between the judge and the prosecutor. As a consequence, Petitioner is not entitled to habeas relief because of judicial bias.

Moreover, no Supreme Court precedent holds that the Constitution requires a prosecutor withdraw from a case because of an appearance of bias, much less where the alleged

appearance of bias arises only from her familial relationship with a judge. In order to rise to the level of a due process violation, prosecutorial misconduct must have "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). "[T]he touchstone of due process analysis . . . is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982)). Petitioner makes no showing that the prosecutor's relationship with the recused judge biased Petitioner's adjudication or had any impact on the fairness of his trial-court proceedings. *Cf. Angous v. United States*, Nos. C10-0085, CRO5-0346, 2010 WL 4511135, at *11 (W.D. Wash. June 30, 2010) (prosecutor's refusal to recuse herself because she was the victim of a similar crime fails to show either bias or prejudice). The judge in issue recused himself from the case nearly a year before Petitioner entered his plea. The mere fact that the prosecutor remained on the case with a different presiding judge fails to suggest the existence of any impropriety or appearance of impropriety at the time Petitioner's pleas were accepted and his sentences were imposed. Because the Supreme Court has never held that a prosecutor commits misconduct because she is related to a judge of a court who does not preside over the case, the state court's rejection of Petitioner's claim was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: January 17, 2014 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE